01

02

03

04

05

06

07
08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

09   WILLIE J. MAYES,

10                            Petitioner,

11          v.

12   MIKE OBENLAND,

13                            Respondent.

Case No.   C13-1452-MJP-MAT

REPORT AND RECOMMENDATION

14

15                    INTRODUCTION AND SUMMARY CONCLUSION

16          Petitioner Willie Mayes is a Washington prisoner who is currently confined at the

17   Clallam Bay Corrections Center in Clallam Bay, Washington.   Petitioner has submitted to this

18   Court for review a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his

19   2009 King County Superior Court judgment and sentence.   Respondent has filed an answer to

20   the petition together with relevant portions of the state court record.   This Court, having

21   reviewed the petition, respondent's answer, and the balance of the record, concludes that

22   petitioner's federal habeas petition is untimely and should therefore be dismissed.

REPORT AND RECOMMENDATION
PAGE - 1

01                            PROCEDURAL HISTORY

02          On July 24, 2009, petitioner was found guilty, following a jury trial, of violating the

03   Uniform Controlled Substances Act by delivering cocaine.  (Dkt. 11, Ex. 1 at 1.)   On

04   December 18, 2009, petitioner was sentenced to term of 75 months confinement.  (*See id.*, Ex.

05   1 at 4.)   Petitioner appealed his conviction to the Washington Court of Appeals and, on March

06   14, 2011, the Court of Appeals issued an unpublished opinion affirming the conviction.  (*See*

07   *id.*, Ex. 2.)   Petitioner did not seek review by the Washington Supreme Court and, on May 6,

08   2011, the Court of Appeals issued its mandate terminating direct review.  (*See* Dkt. 7,

09   Appendix B.)

10          On March 13, 2012, petitioner filed a personal restraint petition in the Washington

11   Court of Appeals.  (Dkt. 11, Ex. 3.)   The Court of Appeals issued an order dismissing the

12   petition on November 9, 2012.  (*Id.*, Ex. 6.)   Petitioner thereafter filed a motion for

13   discretionary review in the Washington Supreme Court and that motion was denied on April 26,

14   2013.  (*Id.*, Dkts. 7 and 8.)   The Court of Appeals issued a certificate of finality in petitioner's

15   personal restraint proceedings on June 28, 2013.  (*Id.*, Ex. 9.)

16          Petitioner now seeks federal habeas review of his conviction.  Petitioner signed his

17   federal habeas petition on August 11, 2013, and the petition was received for filing on August

18   14, 2013.  (*See* Dkt. 1.)

19                                 DISCUSSION

20          Respondent argues in his answer to petitioner's petition that the petition is untimely

21   under the federal statute of limitations, 28 U.S.C. § 2244(d).  Pursuant to §2244(d)(1), a one

22   year period of limitation applies to an application for a writ of habeas corpus filed a by a person

REPORT AND RECOMMENDATION
PAGE - 2

01   in custody pursuant to the judgment of a state court.   The one year limitation period generally

02   begins to run from the date of the conclusion of direct review or "the expiration of the time for

03   seeking such [direct] review," whichever is longer.   28 U.S.C. § 2244(d)(1)(A).

04         In this case, the period for direct review ended, at the latest, upon the expiration of the

05   period for seeking review by the Washington Supreme Court of the Washington Court of

06   Appeals' decision affirming petitioner's conviction.   *See Wixom v. Washington*, 264 F.3d 894

07   (9th Cir. 2001).   The Court of Appeals issued its opinion affirming petitioner's judgment and

08   sentence on March 14, 2011.   (*See* Dkt. No. 1, Ex. 2.)   Petitioner had 30 days from that date to

09   file a petition for review.   *See* Rule 13.4(a), Washington Rules of Appellate Procedure.

10   Because petitioner did not file a petition for review, his conviction became final on or about

11   April 13, 2011.   28 U.S.C. § 2244(d)(1)(A).   Petitioner's one year statute of limitations began

12   to run on the following day.   *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

13         The one year limitations period is tolled for any "properly filed" collateral state

14   challenge to the state conviction.   28 U.S.C. § 2244(d)(2).   Thus, the statute of limitations was

15   tolled from March 13, 2012, the date petitioner filed his personal restraint petition, until April

16   26, 2013, the date petitioner's motion for discretionary review was denied by the Washington

17   Supreme Court.   Between April 14, 2011, the date the statute of limitations began to run, and

18   March 13, 2012, 334 days ran on the statute of limitations.   The statute of limitations began to

19   run again on April 27, 2013, the day after petitioner's motion for discretionary review was

20   denied by the Supreme Court, and expired 31 days later, on or about May 28, 2013.

21         The statute of limitations governing federal habeas petitions is also subject to equitable

22   tolling.   *Holland v. Florida*, 560 U.S. 631 (2010).   However, the Ninth Circuit has made clear

REPORT AND RECOMMENDATION
PAGE - 3

01   that equitable tolling is available "only when extraordinary circumstances beyond a prisoner's

02   control make it impossible to file a petition on time and the extraordinary circumstances were

03   the cause of his untimeliness." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (internal

04   quotation and citation omitted).   Petitioner makes no showing that he is entitled to equitable

05   tolling of the federal statute of limitations.

06          As noted above, petitioner signed his federal habeas petition on August 11, 2013, over

07   two months after the statute of limitations expired on May 28, 2013.   Because petitioner filed

08   his petition outside of the § 2254 statute of limitations period, and because petitioner has not

09   demonstrated that he is entitled to equitable tolling of the limitations period, his petition is

10   time-barred.

11                                   Certificate of Appealability

12          A petitioner seeking post-conviction relief under § 2254 may appeal a district court's

13   dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA)

14   from a district or circuit judge.   A certificate of appealability may issue only where a petitioner

15   has made "a substantial showing of the denial of a constitutional right."   See 28 U.S.C. §

16   2253(c)(3).   A petitioner satisfies this standard "by demonstrating that jurists of reason could

17   disagree with the district court's resolution of his constitutional claims or that jurists could

18   conclude the issues presented are adequate to deserve encouragement to proceed further."

19   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).   Under this standard, this Court concludes that

20   petitioner is not entitled to a certificate of appealability in this matter.

21                                        CONCLUSION

22          For the reasons set forth above, this Court recommends that petitioner's federal habeas

REPORT AND RECOMMENDATION
PAGE - 4

01 petition, and this action, be dismissed with prejudice pursuant to 28 U.S.C. § 2244(d).   This

02 Court further recommends that a certificate of appealability be denied.   A proposed order

03 accompanies this Report and Recommendation.

04          DATED this <u>20th</u> day of November, 2013.

05

06

07          Mary Alice Theiler
            Chief United States Magistrate Judge

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE - 5